IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL G. DWYER and
ELIZABETH ELLEN FLUHARTY,

    Plaintiffs,

v.                                      Civil Action No. 5:14CV21
                                                  (STAMP)

RANGE RESOURCES-APPALACHIA, LLC
and CHESAPEAKE APPALACHIA, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND**

I.  Procedural History

The plaintiffs, Carol G. Dwyer ("Dwyer") and Elizabeth Ellen Fluharty ("Fluharty"), filed their amended complaint for declaratory judgment in the Circuit Court of Brooke County, West Virginia on January 14, 2014. In this complaint, the plaintiffs seek a declaratory judgment that the defendants can no longer enter upon their property and that both the leases entered into on September 15, 2007 ("Fluharty Lease") and October 22, 2007 ("Dwyer Lease") with Range Resources-Appalachia, LLC ("Range") and the alleged assignment of those leases to Chesapeake Appalachia, LLC ("Chesapeake") are void and no longer constitute encumbrances on plaintiffs' property.

On February 19, 2014, the defendants filed a joint notice of removal on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The defendants then both filed separate motions to

dismiss, which will be discussed in a separate memorandum opinion and order. After the defendants filed motions to dismiss, the plaintiffs then filed a motion to remand this action, in which they argued that defendants have not established that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Specifically, the plaintiffs argue that they are not seeking monetary damages, the leases are worth less than $75,000.00, and the defendants have not provided evidence that the actual amount in controversy exceeds the jurisdictional amount. The defendants filed a joint response to the motion to remand, arguing that the affidavit attached to their notice of removal provides sufficient evidence of the amount in controversy and the plaintiffs' arguments in support of their motion to remand are without merit. The plaintiffs did not file a reply.

For the reasons stated below, this Court denies plaintiffs' motion to remand.

## II. Facts

The plaintiffs each entered into separate oil and gas leases with Range, which was formerly known as Great Lakes Energy. Plaintiff Fluharty entered into such lease on September 15, 2007 and plaintiff Dwyer entered into such lease on October 22, 2007. These leases were later assigned to Chesapeake on or about June 1, 2010. The plaintiffs assert that such assignments were done without their notice. The plaintiffs, however, do not assert that

such assignments were prohibited by the original leases, or that the leases required that the plaintiffs be notified of any assignment.

The plaintiffs do, however, make various allegations as to why this Court should declare the leases and subsequent assignments void. First, the plaintiffs assert that John Liggett, a representative of Range, made false representations that drilling would begin on the plaintiffs' property within two years. Further, the plaintiffs assert that Mr. Liggett fraudulently induced the plaintiffs to sign the lease agreements by asserting that if they did not sign immediately, the compensation for the lease would be reduced by half. The plaintiffs next allege that the leases were wrongfully notarized without the parties being present and by a person impersonating a notary, which they assert violates public policy. Further, the plaintiffs assert that the leases are void for lack of adequate consideration, calling the amount being provided to the plaintiffs a "paltry sum." Lastly, the plaintiffs argue that the leases are void for lack of a definite term and unconscionable on their face because the language of the leases permit the defendants to possess a leasehold interest for an indefinite time in the future.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

3

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright

& Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

IV. Discussion

The plaintiffs assert the defendants have failed to establish that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. This Court, however, does not agree with the plaintiffs' arguments advanced in support of this proposition.

First, the plaintiffs assert that because they are not seeking monetary damages, but only a declaration that the leases and assignments are void, the amount in controversy does not exceed the jurisdictional amount. This argument is without merit. In declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting Hunt v. Washington State Apple Adver. Com'n, 432 U.S. 333, 347 (1977)). The objects of the litigation are the plaintiffs' leases. Therefore, regardless of whether the plaintiffs are seeking monetary damages or a declaratory judgment, the value of the leases is what determines whether the amount in controversy is satisfied.

The plaintiffs then argue that, even if this Court were to take into account the value of the leases, the defendants have failed to show that such value exceeds $75,000.00 exclusive of interest and costs. The plaintiffs seem to argue that the affidavit provided by the defendants is speculative and the value of the leases should be determined by the amount for which they were acquired. The defendants, in opposition, argue that the reacquisition value is the proper value to be used in determining the amount in controversy. The defendants assert that they have established that such value exceeds the jurisdictional amount through the affidavit attached to their notice of removal.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins</u>, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

With their notice of removal, the defendants included an affidavit from Monty C. Mayfield, a landman for Chesapeake responsible for overseeing land and lease acquisitions in West Virginia, including in Brooke County, West Virginia where the plaintiffs' properties are located.  Mr. Mayfield asserts that he has personal knowledge concerning the current market prices for oil and gas leases in this area and is familiar with both properties at issue.  Mr. Mayfield asserts that these properties cover 122.185 acres and that the prevailing market rates for a bonus payment for an equivalent oil and gas lease in Brooke County, West Virginia, currently exceeds $614.00 per acre.  Accordingly, Mr. Mayfield asserts that the value of the leases to Chesapeake exceeds $75,000.00.  This Court finds that, through this affidavit, the defendants have shown that it is more likely than not that the cost to reacquire the subject oil and gas lease at this time would exceed $75,000.00 exclusive of interests of costs.

The plaintiffs' contention that the affidavit is speculative because Mr. Mayfield does not explicitly state the actual per acre value is without merit.  Mr. Mayfield is not only familiar with the lease that is the subject of this lawsuit and the plaintiffs' properties, but is also familiar with current market prices in the relevant area because he is the landman responsible for land and lease acquisitions in that area.  While he does not include exact prices, his expertise in the area makes his affidavit testimony,

7

especially when not factually contested by the plaintiffs with any contradicting evidence, sufficient to support a conclusion that the market value of acquisition of the plaintiffs' lease exceeds $75,000.00.

Next, rather than disputing the current market prices provided by Mr. Mayfield, the plaintiffs argue that the defendants' reliance upon the hypothetical event of reacquiring the leases is not evidence available at the time of removal and is speculative, as there is no guarantee that a new lease for the properties would ever be entered into. As stated above, however, "the amount in controversy is measured by the value of the object of the litigation." McCoy, 147 F. Supp. 2d at 492 (quoting Hunt, 432 U.S. at 347). Further, as the plaintiffs suggest, the amount in controversy is determined at the time of removal. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 936 (S.D. W. Va. 1996). This Court has previously found that the cost of reacquiring a lease, which is the object of the litigation, is the correct measurement of value in similar cases, as it represents the value of the lease at the time of removal. See Miller v. Chesapeake Appalachia, LLC, No. 5:11CV117, 2012 WL 1085805 (N.D. W. Va. Mar. 30, 2012); and Kahle v. Chesapeake Energy Corp., 2011 WL 2182112 (N.D. W. Va. June 3, 2011). Such a value represents any decline or increase in the value of the lease at the time of removal. Whether or not such reacquisition may actually occur does not change the actual value

associated with the lease. Accordingly, this Court finds plaintiffs' arguments that the reacquisition value is speculative or the incorrect assessment of value to be without merit.

V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 14) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     April 24, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE