```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CAROL G. DWYER and
ELIZABETH ELLEN FLUHARTY,

      Plaintiffs,

v.                                Civil Action No. 5:14CV21
                                               (STAMP)
RANGE RESOURCES-APPALACHIA, LLC
and CHESAPEAKE APPALACHIA, LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING RANGE-RESOURCES APPALACHIA, LLC'S**
**MOTION TO DISMISS AND**
**GRANTING CHESAPEAKE APPALACHIA, LLC'S**
**PARTIAL MOTION TO DISMISS**

I.  Procedural History

      The plaintiffs, Carol G. Dwyer ("Dwyer") and Elizabeth Ellen Fluharty ("Fluharty"), filed their amended complaint for declaratory judgment in the Circuit Court of Brooke County, West Virginia on January 14, 2014. In this complaint, the plaintiffs seek a declaratory judgment that the defendants can no longer enter upon their property and that both the leases entered into on September 15, 2007 ("Fluharty Lease") and October 22, 2007 ("Dwyer Lease") with Range Resources-Appalachia, LLC ("Range") and the alleged assignment of those leases to Chesapeake Appalachia, LLC ("Chesapeake") are void and no longer constitute encumbrances on plaintiffs' property.

On February 19, 2014, the defendants filed a joint notice of removal on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs filed a motion to remand, which this Court denied in a separate memorandum opinion and order. Prior to the plaintiffs filing their motion to remand, the defendants filed separate motions to dismiss. First, Range filed its motion to dismiss, arguing that it should be dismissed from the action because it has no present interest in the leases and because plaintiffs have failed to allege any facts to suggest that Range is any more likely to enter onto the plaintiffs' properties than any other member of the general public. The plaintiffs responded by arguing that Range should not be dismissed because it has an interest in how the leases were procured, and a sufficient amount of facts in the complaint directly relate to the origination of the leases. Range replied by first stating that the plaintiffs failed to respond to all of Range's arguments and instead, only focused on its argument concerning its lack of interest in the leases. As to the plaintiffs' actual response, Range asserts that even if it were possible to have a legal interest in the acquisition or procurement of the leases, plaintiffs' argument would fail because the amended complaint does not seek a judicial declaration concerning Range's purported interest in the acquisition or procurement of the leases.

Thereafter, Chesapeake filed a partial motion to dismiss. In its motion to dismiss, Chesapeake first argues that the purported

lack of notice of assignment is not a valid basis to void the leases because plaintiffs contractually waived notice of assignment. Second, Chesapeake asserts that the alleged improper notarization of the leases does not invalidate the leases and even so, such claims are time-barred. Third, Chesapeake asserts that plaintiffs' fraudulent inducement claim is time-barred by the relevant statute of limitations. Lastly, Chesapeake argues that the plaintiffs' acknowledged receipt of thousands of dollars in consideration is fatal to their adequacy of consideration theory. The plaintiffs did not file a response.

For the reasons stated below, this Court grants Range's motion to dismiss and grants Chesapeake's partial motion to dismiss.

## II. Facts

The plaintiffs each entered into separate oil and gas leases with Range, which was formerly known as Great Lakes Energy. Plaintiff Fluharty entered into such lease on September 15, 2007 and plaintiff Dwyer entered into such lease on October 22, 2007. These leases were later assigned to Chesapeake on or about June 1, 2010. The plaintiffs assert that such assignments were done without their notice. The plaintiffs, however, do not assert that such assignments were prohibited by the original leases, or that the leases required that the plaintiffs be notified of any assignment.

The plaintiffs do, however, make various allegations as to why this Court should declare the leases and subsequent assignments void. First, the plaintiffs assert that John Liggett, a representative of Range, made false representations that drilling would begin on the plaintiffs' property within two years. Further, the plaintiffs assert that Mr. Liggett fraudulently induced the plaintiffs to sign the lease agreements by asserting that if they did not sign immediately, the compensation for the lease would be reduced by half. The plaintiffs next allege that the leases were wrongfully notarized without the parties being present and by a person impersonating a notary, which they assert violates public policy. Further, the plaintiffs assert that the leases are void for lack of adequate consideration, calling the amount being provided to the plaintiffs a "paltry sum." Lastly, the plaintiffs argue that the leases are void for lack of a definite term and unconscionable on their face because the language of the leases permit the defendants to possess a leasehold interest for an indefinite time in the future.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of

a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting

5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

A. Range's Motion to Dismiss

Range first argues that, as to plaintiffs' request for a declaration that the leases and assignments of the leases from Range to Chesapeake, these claims must be dismissed because Range is no longer a party to the leases and has no current interest in the leases at issue. In response, the plaintiffs assert that Range has an interest in the procurement of the leases. Specifically, the plaintiffs assert that the claims alleging that the plaintiffs were fraudulently induced into signing the leases, that the leases were notarized in violation of West Virginia law, and that the leases lack a definite term concern the procurement or origination of the lease. Plaintiffs assert that as to the origination of the leases, which these claims allegedly cover, Range is the only party with any interest.

In order to assert a declaratory judgment action against a defendant, that defendant must be sufficiently "interested" in the subject matter of the action. 28 U.S.C. § 2201(a). Even if this Court were to find that Range has an interest in the origination of the lease and this somehow makes them a proper party for this declaratory judgment action, such an interest would only apply to plaintiffs' claims for fraudulent inducement and improper notarization. As to plaintiffs' claim concerning whether or not the leases lack a definite term, however, this Court finds that Range does not have an interest in such claim pursuant to 28 U.S.C. § 2201(a). If this Court were to find that the leases lack a definite term, the result may be a finding that such leases are void. Range, however, no longer has an interest in the leases due to its assignment of such interest to Chesapeake. Thus, if this Court were to make a finding that the leases were now void due to a lack of a definite term, the only affected party would be Chesapeake.

As to the plaintiffs' claims concerning fraudulent inducement and improper notarization, this Court finds that the fraudulent inducement claims are barred by the statute of limitations and the improper notarization claim is not a valid basis to void a lease. These claims will be more fully discussed below when analyzing Chesapeake's motion to dismiss. Thus, even if this Court were to determine that Range does have some type of interest in the

7

origination of the lease based on plaintiffs' claims for fraudulent inducement and improper notarization and such interest would make Range a proper party to the declaratory judgment action, the underlying claims are simply not viable. Accordingly, all claims concerning the plaintiffs' declaratory judgment action must be dismissed as to Range.

The plaintiffs, in addition to seeking a declaration that the leases and assignments are void, also seek an injunction against the defendants to prevent them from entering on the plaintiffs' properties. Range asserts that this Court must deny this request because the plaintiffs have failed to establish the requirements necessary to allow for such injunction. The plaintiffs failed to respond to Range's argument, or make any affirmative argument as to why an injunction in the proper remedy against Range.

A plaintiff seeking a permanent injunction must satisfy a four-factor test. Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2756 (2010). In satisfying this four-factor test,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also Monsanto Co., 130 S. Ct. At 2756. Further, "[b]efore a court

grants a permanent injunction, the court must first find necessity—a danger of future violations."

The complaint, in this instance, is devoid of any facts that would allow this Court to find necessity. The plaintiffs have not alleged that Range or its employees or agents have entered onto the plaintiffs' properties since the assignment of the leases to Chesapeake. Further, the plaintiffs have not alleged any facts that would provide this Court any reason to believe there is a danger that Range will enter the plaintiffs' properties in the future, as Range no longer has a working interest in the leases. Accordingly, there is no need to evaluate the plaintiffs' complaint in conjunction with the four-factor test, as plaintiffs have failed to make the initial showing of necessity. Thus, this Court finds that plaintiffs' claim for a permanent injunction against Range must be dismissed.

B. Chesapeake's Partial Motion Dismiss

In its motion to dismiss, Chesapeake argues that at least the following four claims made against it by the plaintiffs must be dismissed: (1) plaintiffs' claim for waiver of notice of assignment; (2) plaintiffs' improper notarization claim; (3) plaintiffs' fraudulent inducement claim; and (4) plaintiffs' lack of adequate consideration claim. The plaintiffs did not contest Chesapeake's arguments, as they did not file a response to the

motion to dismiss. Nonetheless, this Court will evaluate each of the Chesapeake's arguments in turn.

1. <u>Notice of Assignment</u>

In their complaint, the plaintiffs seem to assert that the leases should be declared void because they were not provided notice of the assignment to Chesapeake. Chesapeake argues that the plaintiffs agreed under the leases to waive any right to notice of any assignment or transfer of the leases. Accordingly, Chesapeake states that due to such agreement and the fact that West Virginia law favors free assignability, any claim that the leases are void because of a lack of notice of an assignment must be dismissed.

The general rule, under West Virginia law, "is that unless there is some statutory prohibition or an express provision in the lease to the contrary, a lease on real property . . . is assignable." <u>Randolph v. The Koury Corp.</u>, 312 S.E.2d 759, 762 (W. Va. 1984); <u>see also</u> Syl. pt. 2, <u>Easley Coal Co. v. Brush Creek Coal Co.</u>, 112 S.E. 512 (W. Va. 1922) ("Being a restraint upon alienation, a condition against assignment by a lessee or an assignee of a lessee is governed by the rule of strict construction, and it does not exist unless it has been clearly and definitely provided in the lease or some other written instrument made collateral thereto."). After reviewing the leases attached to the plaintiffs' complaint, this Court finds that there are no provisions preventing the assignment of the leases. Instead,

paragraph 13 of the leases provide that, "Lessee shall have the right to assign and transfer the within lease in whole or in part, and Lessor waives notice of any assignment or transfer of the within lease." ECF No. 1, Ex. A. *15. Thus, the leases clearly allow for the lessee to make assignments.

Further, while this Court has not been presented with any argument that plaintiffs had a right to a notice of assignment, any such right was waived by paragraph 13. In West Virginia, to establish waiver "there must be evidence demonstrating that a party has intentionally relinquished a known right." Potesta v. U.S. Fidelity & Guar. Co., 504 S.E.2d 135, 142 (W. Va. 1998) (citations omitted). The waiver may be expressed or implied but if the waiver is implied, "there must be clear and convincing evidence of the party's intent to relinquish the known right." Id. Here, paragraph 13 provides the necessary evidence to find that the plaintiffs expressly waived any right to notice. Accordingly, the plaintiffs' claim that the leases are void for lack of waiver must be dismissed.

    2.   <u>Improper Notarization</u>

Chesapeake next argues that the plaintiffs' claims that notarization issues constitute grounds to void the leases must be dismissed because issues with notarization do not operate to void the underlying lease and even so, such claims are time-barred. Initially, as Chesapeake argues, under West Virginia law, the

11

proper notarization of a lease is immaterial to the validity and enforceability of that lease between the parties thereto. Accordingly, this Court cannot find that such leases are void as based on notarization issues. This is because, under West Virginia Code § 31-1-1, transfers in an interest in land need only be in writing and signed by all parties to the transfer in order to be enforceable and valid between the parties to the transfer. See W. Va. Code § 31-1-1. There is no mandate under West Virginia law which requires proper notarization of a deed or lease in order to render it enforceable. The purpose of a notary is "merely to acknowledge the authenticity of the signature." Wolfe v. Greentree Mortg. Corp., No. 3:09CV74, 2010 WL 391629 (N.D. W. Va. Jan. 26, 2010). Thus, even if this Court were to find defects in the notarization of the leases at issue, it would not equate to a finding that the leases are void between the parties. Accordingly, this Court need not address Chesapeake's argument concerning whether such claims are time-barred.

 3. Fraudulent Inducement Claim

Chesapeake next argues that plaintiffs' claims that they were fraudulently induced into signing the leases also fail because such claims are time-barred. This Court agrees. Under West Virginia law, common law fraud claims are governed by the two-year "catch-

all" statute of limitations found in West Virginia Code § 55-2-12.[1] See Alpine Property Owners Assoc. Inc. v. Mountaintop Development Co., 365 S.E.2d 57, 66 (W. Va. 1987). The statute of limitations for the claim, however, does not start to accrue until the plaintiff "knew or should have known by the exercise of reasonable diligence of the nature of their claims." Stemple v. Dobson, 400 S.E.2d 561, 564 (W. Va. 1990).

In this instance, the plaintiffs assert that two misrepresentations caused the fraudulent inducement. First, the plaintiffs claim that Mr. Liggett, a landman procuring the contracts for Range, falsely stated that the property would be drilled within two years of the plaintiffs signing the leases. The leases in this situation were signed in September and October 2007. Therefore, the plaintiffs should have known that any such alleged statements were false by September and October 2009. This is over four years before the plaintiffs filed their amended complaint in

---

[1]West Virginia Code § 55-2-12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12.

January 2014. Accordingly, any such claim based on Mr. Liggett's alleged representation concerning when drilling would begin is time-barred, as the plaintiffs should have known of such claims over four year prior to filing their complaint.

The second misrepresentation, that the plaintiffs state fraudulently induced them into signing the leases was Mr. Liggett's alleged statement that if they did not sign the lease "right away," the payment would drop from $100.00 per acre to $50.00 per acre. This statement was made prior to the plaintiffs signing the leases in September and October 2007. Plaintiffs should have known soon after signing the leases whether the payments per acre did in fact drop to $50.00, as Mr. Liggett allegedly stated that they were to drop "right away." Accordingly, any claim that the lease is void based on this representation is clearly time-barred, as the complaint was not filed for more than six years after the plaintiffs signed the leases.

4. <u>Adequate Consideration</u>

Chesapeake next argues that the plaintiffs' argument that the leases are void for lack of adequate consideration must fail as the plaintiffs were provided $5,200.00 and $7,018.50 as consideration for entering into the Fluharty Lease and Dwyer Lease, respectively. This Court agrees. The plaintiffs clearly received consideration for entering into the leases, as evidenced by the above amounts. "[U]under West Virginia law it is improper for courts to engage in

14

after-the-fact review as to whether consideration provided was inadequate." Charter Commc'ns VI, LLC v. Eleazer, 412 F. Supp. 2d 588, 597 (S.D. W. Va. 2006). Accordingly, as the consideration was not illusory or nominal, this Court finds that it would be improper to question the adequacy of consideration provided to the plaintiffs. Thus, any claim seeking to declare the leases void for lack of adequate consideration must be dismissed.

## V. Conclusion

For the reasons stated above, Range Resources-Appalachia, LLC's motion to dismiss (ECF No. 7) is GRANTED. Accordingly, Range Resources-Appalachia, LLC is hereby DISMISSED from this action. Further, Chesapeake Appalachia, LLC's partial motion to dismiss (ECF No. 11) is GRANTED. The plaintiffs and Chesapeake are DIRECTED to meet and confer and file a proposed scheduling order on or before **May 24, 2014**, pursuant to this Court's April 8, 2014 order. Further, such proposed scheduling order should also include an explanation of the remaining claims in plaintiffs' complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 24, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE